ORIGINAL

2012 JUL -3 P 2:18
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RIMAC MARTIN
A Professional Corporation
JOSEPH M. RIMAC – CSBN 72381
WILLIAM REILLY – CSBN 177550
1051 Divisadero Street
San Francisco, CA 94115
Telephone: (415) 561-8440
Facsimile:  (415) 561-8430

E-filing

Attorneys for Plaintiff
JOHN VINCENZO

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JCS

**CV 12 3480**

JOHN VINCENZO,

    Plaintiff,

v.

HEWLETT-PACKARD COMPANY, a corporation; 3COM CORPORATION SEVERANCE BENEFIT PLAN; 3COM SEVERANCE PLAN FOR VICE PRESIDENTS; and 3COM CORPORATION 2003 STOCK PLAN,

    Defendants.

)
) CASE NO.
)
) **COMPLAINT FOR BENEFITS AND**
) **RELIEF UNDER ERISA**
)
)
)
)
)
)
)
)
)
)

## JURISDICTION

1.  This action for declaratory and monetary relief is brought pursuant to § 502 of ERISA (29 U.S.C. § 1132), and the Declaratory Judgment Act, 28 U.S.C. § 2201. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States.

## VENUE

2.  Venue lies in the Northern District of California because, pursuant to ERISA § 502 (e) (2) (29 U.S.C. § 1132 (e) (2)), Defendants 3COM CORPORATION SEVERANCE BENEFIT PLAN, 3COM SEVERANCE PLAN FOR VICE PRESIDENTS and 3COM CORPORATION 2003

-1-

**COMPLAINT FOR BENEFITS [ERISA]**              **CASE NO.**

STOCK PLAN (collectively referred the "PLAN") are administered in this District, the alleged breaches took place in this District and all parties reside and/or may be found within this District.

## PARTIES

3. At all relevant times, Plaintiff JOHN VINCENZO was, and is, a PLAN PARTICIPANT, as defined in ERISA § 3 (7) (29 U.S.C. § 1002 (7)).

4. At all relevant times, Defendant HEWLETT-PACKARD COMPANY ("HP") was a corporation organized under one of the United States, with its corporate headquarters located in the Northern District of California. At all relevant times, Defendant PLAN was an employee welfare benefit plan within the meaning of ERISA § 3 (1) (29 U.S.C. § 1002 (1)), sponsored and administered by HP and/or 3Com Corporation. At all relevant times, the PLAN was administered in the Northern District of California. At all relevant times, the PLAN offered severance and other benefits to certain employees of HP and/or 3Com Corporation, including Plaintiff.

5. At all relevant times, HP was a fiduciary of the PLAN within the meaning of ERISA § 3 (21), 29 U.S.C. § 1002 (21). At all relevant times, HP exercised control over the payment of severance and other benefits which are PLAN assets. This lawsuit arises out of HP's failure to grant certain benefits to Plaintiff to which Plaintiff was entitled under the terms of the PLAN.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff was the Global Vice President of Corporate Marketing at 3Com Corporation ("3Com"). On and after June 15, 2007, 3Com was evaluating the possibility of being acquired by and/or merged with another company. On and after June 15, 2007, as an incentive to keep certain 3Com employees employed during this process, and to provide certain benefits to employees in the event of a 'change of control' and subsequent termination, 3Com issued Key Employee Retention Severance Benefits Agreements to supplement the severance benefits provided by the PLAN. On June 15, 2007, Plaintiff entered into a Key Employee Retention Severance Benefits Agreement to supplement the severance benefits provided to him by the PLAN.

7. In April 2010, HP acquired 3Com and plaintiff's job was eliminated as a result of the HP acquisition. HP offered Plaintiff a non-comparable job at HP – Director of EMEA Marketing – which would have required Plaintiff to relocate from the United States to England. Also, the

**COMPLAINT FOR BENEFITS [ERISA]**                                                    **CASE NO.**

Director of EMEA Marketing job offered was not comparable because it had a significant reduction in the scope of duties and responsibilities from the Vice President of Corporate Marketing at 3Com Corporation job, and it had a significant reduction in total compensation.

8. Between March 2010 and September 2010, Plaintiff repeatedly tried to obtain information about the HP job, especially regarding the relocation and ex-patriate packages he would receive. From the outset, Plaintiff told HP that he could not unconditionally accept the HP job, and would not agree to move to England, unless he was satisfied that the relocation and ex-patriate packages were sufficient.

9. As of September 2010, HP still had not provided Plaintiff with any meaningful information regarding the relocation and ex-patriate packages which he would receive if he took the job. Ultimately, the combination of being required to relocate his family to England, the failure of HP to provide him with the relocation and ex-patriate information he had been seeking for months, the significant reduction in duties and responsibilities, and the HP job offering less in compensation than his 3Com job, ended Plaintiff's interest in the job. Plaintiff informed HP in September 2010 that he would not accept the Director of EMEA Marketing position.

10. On approximately September 23, 2010, HP told Plaintiff that by not accepting the Director of EMEA Marketing position in England, he would be deemed to have "resigned", and that his last day of employment at HP would be September 24, 2010. HP also told Plaintiff that he would not be receiving severance benefits, since he would be viewed as having "resigned". Plaintiff told HP that he disagreed with their characterization of what had occurred, and again said that he was not "resigning" and was not accepting the relocation, lesser role and decrease in compensation. HP removed Plaintiff from payroll, and his last day of employment with HP was September 24, 2010.

11. Thereafter, Plaintiff timely made claims for benefits under the PLAN and the Key Employee Retention Severance Benefits Agreement because of the involuntary termination of his employment relationship as a result of reorganization and job elimination.

12. At all material times herein, Plaintiff complied with all material provisions pertaining to the PLAN and/or compliance was waived by Defendants. Plaintiff was terminated because of a reorganization and/or job elimination. Plaintiff was not offered a comparable position at HP. The

COMPLAINT FOR BENEFITS [ERISA]                    CASE NO.

1 job offer was never made as the terms of the offer were never set. The uncertain job offered was not
2 a comparable position because it required Plaintiff to relocate his family to England, included a
3 significant reduction in duties and responsibilities, and provided less in compensation than his 3Com
4 job.

5     13. Without conducting any reasonable or thorough investigation and without any evidence
6 or information to support the denial of the claim, the HP Welfare Benefits Committee denied
7 Plaintiff's claim for benefits on February 18, 2011.

8     14. On June 13, 2011, through counsel, Plaintiff timely appealed the decision to deny his
9 claim for benefits and provided additional and overwhelming evidence in support of his claim,
10 including, but not limited to, a Declaration from 3Com's Senior Director of Human Resources,
11 which stated multiple reasons why HP's denial was incorrect and that 3Com would have, and had,
12 awarded benefits for similar claims. Additionally, Plaintiff requested copies of 20 categories of
13 relevant documents that Defendants were required to produce pursuant to ERISA.

14     15. Despite the overwhelming evidence submitted and without ever producing any of the
15 requested documents, on August 31, 2011, Defendants denied Plaintiff's appeal, thus exhausting all
16 pre-suit remedies available to plaintiff.

17     16. On June 13, 2011, Plaintiff requested that Defendants produce certain documents to
18 which Plaintiff was entitled pursuant to ERISA and applicable Department of Labor Regulations,
19 including documents relating to the PLAN, the PLAN's administration and the determination to deny
20 Plaintiff benefits under the PLAN. Defendants have refused, and continue to refuse, to produce to
21 Plaintiff the documents requested.

22     17. As a direct and proximate result of the aforementioned acts of Defendants, Plaintiff
23 suffered damages as outlined below.

24     18. As a result of the actions of Defendants, Plaintiff has been improperly denied benefits
25 to which he is entitled together with interest thereon and has suffered further economic hardship.

26     19. As a further result of the actions of Defendants, Plaintiff has been forced to engage
27 the services of legal counsel for the purpose of obtaining his benefits.
28 / / /

COMPLAINT FOR BENEFITS [ERISA]          CASE NO.

## FIRST CLAIM FOR RELIEF

### (Claim for PLAN Benefits Pursuant to ERISA § 502(a) (1) (B))

20. Plaintiff realleges and incorporates as though set forth in full the allegations contained in paragraphs 1 through 19 of this Complaint.

21. Plaintiff was insured under the PLAN which provides for including, but not limited to, Accelerated Vesting of Restricted Stock Units, Extended Exercisability of Options, Continued Medical Benefits, Nine Months of Annualized Base Salary Severance Benefits (hereinafter collectively referred to as "BENEFITS") in the event of a covered employee is terminated because of a reorganization and/or job elimination and is not offered a comparable position.

22. At all material times herein, Plaintiff complied with all material provisions pertaining to the PLAN and/or compliance was waived by Defendants. Plaintiff was terminated because of a reorganization and/or job elimination. Plaintiff was not offered a comparable position at HP. The job offer was never made as the terms of the offer were never set. The uncertain job offered was not a comparable position because it required Plaintiff to relocate his family to England, included a significant reduction in duties and responsibilities, and provided less total compensation than his 3Com job. Under the terms of the PLAN, Plaintiff was entitled to certain PLAN BENEFITS.

23. ERISA § 502(a) (1) (B) (29 U.S.C. § 1132 (a) (1) (B)), permits a participant in a PLAN to bring a civil action to recover benefits due to him under the terms of a PLAN, to enforce his rights under the terms of a PLAN, and/or clarify his rights to future benefits under the terms of a PLAN.

24. By, *inter alia*, failing to provide Plaintiff with the PLAN BENEFITS, despite that Plaintiff was terminated because of a reorganization and/or job elimination and was not offered a comparable position; committing wholesale and flagrant violations of the procedural requirements of ERISA; having the PLAN Administrator make determinations as to Plaintiff's entitlement to benefits despite a clear bias and conflict of interest on the part of the PLAN Administrator; acting in utter disregard of the underlying purpose of the PLAN; relying on a standard of proof not articulated in the PLAN's provisions; materially breaching the provisions of the PLAN; refusing to provide Plaintiff with documentation which substantiated its decision to deny benefits; making a decision that was not

COMPLAINT FOR BENEFITS [ERISA]                                    CASE NO.

1  supported by substantial evidence; making a decision that was in bad faith; and failing to produce
2  documents to which Plaintiff was entitled pursuant to ERISA and applicable Department of Labor
3  Regulations, Defendants have violated, and continue to violate, the terms of the PLAN and
4  Plaintiff's rights thereunder.

5  **WHEREFOR,** Plaintiff prays that the Court enter judgment against the Defendants, and each
6  of them, as is hereinafter set forth.

## SECOND CLAIM FOR RELIEF

### (For Statutory Penalties Under ERISA §502(c) (1))

9   25.   Plaintiff incorporates as though set forth in full the allegations contained in
10  paragraphs 1 through 24 of this complaint.

11  26.   ERISA § 502(c) (1) (29 U.S.C. § 1132 (c) (1)), provides for a $110 a day from the
12  date the Plan Administrator fails or refuses to comply with a request for information.

13  27.   On June 13, 2011, Plaintiff requested that Defendants produce certain documents to
14  which Plaintiff was entitled pursuant to ERISA and applicable Department of Labor Regulations,
15  including documents relating to the PLAN, the PLAN's administration and the determination to deny
16  Plaintiff benefits under the PLAN. Defendants have refused, and continue to refuse, to produce to
17  Plaintiff the documents requested. Defendants failed to provide the requested documents and
18  continue to fail to do so.

19  **WHEREFOR,** Plaintiff prays that the Court enter judgment against the Defendants
20  and each of them, as is hereinafter set forth.

## PRAYER FOR RELIEF

22  **WHEREFOR,** Plaintiff prays that the Court enter judgment against the Defendants, and each
23  of them, as follows:

24  1.   Declare that Defendants, and each of them, violated the terms of the PLAN and
25  Plaintiff's rights thereunder by failing to provide Plaintiff with BENEFITS;

26  2.   Order Defendants to provide Plaintiff with BENEFITS; or, alternatively, to award
27  monetary damages to Plaintiff as compensation for Defendants failure to provide Plaintiff with the
28  BENEFITS due him under the PLAN;

3. Order Defendants to pay statutory penalties of $110 a day for their failure and refusal to comply with a request for information;

4. Award Plaintiff pre-judgment interest on benefits requested herein;

5. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g) (29 U.S.C. § 1132 (g));

6. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

RIMAC & MARTIN, P.C.

DATED: July 3, 2012      By:   /s/ William Reilly
                               WILLIAM REILLY
                               Attorneys for Plaintiff
                               JOHN VINCENZO

-7-

**COMPLAINT FOR BENEFITS [ERISA]**                              **CASE NO.**