United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Vincenzo,<br><br>    Plaintiff,<br><br>  v.<br><br>Hewlett-Packard Company, et al.,<br><br>    Defendants. | Case No.: 3:12-cv-03480-JCS<br><br>**ORDER GRANTING DEFENDANT 3COM CORPORATION 2003 STOCK PLAN'S MOTION TO DISMISS** |

## I. INTRODUCTION

Before the Court is an action arising under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. Plaintiff John Vincenzo ("Plaintiff") filed the complaint against four defendants. One of the defendants is 3COM Corporation 2003 Stock Plan ("Defendant"), which now moves to dismiss Plaintiff's claims on grounds that it is not governed by ERISA, and therefore, Plaintiff has failed to state a claim entitling him to relief. The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. 636(c). The Court finds that this Motion is appropriate for decision without oral argument pursuant to the Local Rule 7-1(b). The hearing scheduled for October 16, 2012 at 1:30p.m. is vacated. For the reasons stated below, the Court GRANTS the Motion to Dismiss Plaintiff's claims as to Defendant 3COM Corporation 2003 Stock Plan.

## II. BACKGROUND[1]

---

[1] The facts relied on by the Court have been alleged in Plaintiff's Complaint or have been incorporated into the Complaint by reference. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

Plaintiff was the Global Vice President of Corporate Marketing at 3Com Corporation ("3Com"). Compl. ¶ 6. The heart of Plaintiff's allegations is that when 3Com was acquired by Hewlett-Packard ("HP"), Plaintiff was denied benefits to which he was entitled because HP improperly characterized the elimination of his job as a willful resignation. Most of Plaintiff's allegations need not be stated here, however, because of the limited nature of the issue presently before the Court: whether Defendant 3Com Corporation 2003 Stock Plan is governed by ERISA.

In the Complaint, Plaintiff names three distinct plans as defendants in this action (in addition to HP), but collectively refers to all three as the "PLAN." *See* Compl. ¶ 2. The first two plans are the 3COM Corporation Benefit Severance Benefit Plan and the 3Com Severance Plan for Vice Presidents. These two plans, along with HP, have collectively submitted an Answer to Plaintiff's Complaint wherein they concede they are employee benefit plans within the meaning of ERISA. *See* Dkt. No. 14 (Answer by 3COM Corporation Severance Benefit Plan, 3COM Severance Plan for Vice Presidents, and Hewlett-Packard Company) ¶ 4. The remaining plan is 3Com Corporation 2003 Stock Plan (hereafter "Stock Plan"), which has filed a Motion to Dismiss all claims as to the Stock Plan on grounds that the Stock Plan is not governed by ERISA. *See* Dkt. No. 13 (Stock Plan's Motion to Dismiss). Plaintiff's Complaint asserts two causes of action against all Defendants: 1) a claim for benefits under ERISA § 502(a)(1)(B); and 2) a claim for statutory penalties under ERISA § 502(c)(1) for Defendants' alleged failure to provide requested documents. Compl. ¶¶ 20-27. Because Plaintiff's claims arise solely under ERISA, the Stock Plan must be dismissed from this action if it is not governed by ERISA.

Plaintiff alleges no specific facts with regard to his dealings with the Stock Plan, nor does he attempt to clarify his pleadings in his Opposition. However, the express terms of the Stock Plan provide that its purposes are: "[1] to attract and retain the best available personnel for positions of substantial responsibility, [2] to provide additional incentive to Employees and Consultants, and [3] to promote the success of the Company's business." *See* Dkt. No. 11 (Declaration of Jeannie Leahy in Support of Defendant Stock Plan's Motion to Dismiss, Ex. A (Stock Plan)) at 1. The terms of the Stock Plan do not reference ERISA nor does the Stock Plan provide for an ERISA claims and appeals process. Awards under the Stock Plan are forfeitable.

2

*See id.* at 5. Moreover, the maximum term for Stock Options, Grants of Restricted Stock, and Stock Appreciation Rights is seven years. *See id*. at 8, 11.

### III. LEGAL STANDARD

A complaint may be dismissed for failure to state a claim for which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(b)(6). "The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint." *N.Star. Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). In ruling on a motion to dismiss under Rule 12(b)(6), the Court takes "all allegations of material fact as true and contrue(s) them in the lights most favorable to the non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1990).

Generally, the plaintiff's burden at the pleading stage is relatively light. Rule 8(a) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The complaint need not contain "detailed factual allegations," but must allege facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). The factual allegations must be definite enough to "raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 545. "[T]he tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663.

### IV. ANALYSIS

Title I of ERISA applies to "any employee benefit plan." 29 U.SC. § 1003(a). An employee benefit plan is defined as "an employee welfare benefit plan or employee pension benefit plan or a plan which is both an employee welfare benefit plan and an employee pension benefit plan." 29 U.S.C. § 1002(3). "Pension" benefit plans and "welfare" benefit plans have different definitions, criteria and scope. 29 U.S.C. § 1002(1)-(2)(A). As a preliminary matter, the Court notes that Plaintiff failed to allege in the Complaint that the Stock Plan is a "pension" benefit plan governed by ERISA, 29 U.S.C. § 1002(2)(A), but rather alleges that the "PLAN"

3

(referring to all three plans) are a "welfare" benefit plan governed by ERISA, 29 U.S.C. § 1002(1). *See* Compl. ¶ 4. However, Plaintiff's principal argument in his Opposition to Defendant Stock Plan's Motion to Dismiss is that the Stock Plan is a "pension" benefit plan under 29 U.S.C. § 1002(2)(A). *See* Dkt. No. 20 (Plaintiff's Opposition) at 2-4. For the sake of clarity, the Court addresses both issues: whether the Stock Plan is a welfare plan and/or a pension plan.

### A. The Stock Plan is Not a Welfare Plan

The Stock Plan was not established or maintained for the purpose of providing "medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death, or unemployment ..." 29 U.S.C. § 1002(1). "Providing stock options to certain employees as part of their compensation package is wholly unrelated to medical benefits, or benefits for sickness, accident, disability, death, or unemployment." *Kaelin v. Tenneco, Inc.*, 28 F.Supp.2d 478, 486 (N.D. Ill. 1998) (citing *Brundage–Peterson v. Compcare Health Services Ins. Corp.,* 877 F.2d 509, 510–11 (7th Cir. 1989)). Therefore, the Court finds the Stock Plan is not an "employee welfare benefit plan" under ERISA.

### B. The Stock Plan is Not a Pension Plan

Whether the Stock Plan is a pension plan within the scope of ERISA § 3(2), 29 U.S.C. § 1002(2)(A) merits greater analysis, though this too "is not a novel or particularly new issue[.]" *Oatway v. American Intern. Group, Inc.*, 325 F.3d 184 (2003) (affirming district court's dismissal because a stock plan was not an ERISA pension plan). An "employee pension benefit plan" or "pension plan" under ERISA is defined as:

> [A]ny plan, fund, or program which was heretofore or hereafter established or maintained by an employer, or by an employee organization or by both, to the extent that by its *express terms* or as a result of *surrounding circumstances* such plan, fund or program --
>
> (i) provides retirement income to employees, or
>
> (ii) results in a deferral of income by employees for periods extended to the termination of covered employment or beyond, regardless of the method of calculating the contributions made to the plan, the method of calculating the benefits under the plan or the method of distributing benefits from the plan."

4

29 U.S.C. § 1002(2)(A) (emphasis added). In other words, a plan constitutes a "pension plan" under ERISA to the extent that, either by its "express terms" or as a result of "surrounding circumstances," the "plan, fund or program" provides retirement income to employees, or results in a deferral of income by employees for period extending to the termination of covered employment or beyond. *See id.* The Department of Labor ("DOL") has issue regulations limiting the scope of ERISA pension plans by excluding bonus programs defined as "payments made by an employer to some or all of its employees as bonuses for work performed, unless such payments are systematically deferred to the termination of covered employment or beyond, or so as to provide retirement income to employees." 29 C.F.R. § 2510.3–2(c). Defendant contends that the Stock Plan constitutes the sort of bonus program contemplated in 29 C.F.R. § 2510.3–2(c), and therefore, is not a pension plan governed under ERISA.

The Court finds that by its express terms, the Stock Plan does not constitute an ERISA pension plan. Under Ninth Circuit precedent, a express pension plan must be maintained pursuant to a written instrument which "(1) provide[s] a policy and a method for funding the plan, (2) describe[s] a procedure for plan operation and administration, (3) provide[s] a procedure for amending the plan, and (4) specif[ies] a basis for payments to and from the plan." *Segovia v. E. Lynn Shoenmann*, No. 05-3441, 404 B.R. 896, at *915 (N.D. Cal. March 30, 2009) (citing *Cinelli v. Sec. Pac. Corp.*, 61 F.3d 1437, 1441-42 (9th Cir. 1995) (quoting *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1523 n. 1 (9th Cir. 1993))); 29 U.S.C. § 1102(a)-(b). The Stock Plan contains none of the foregoing provisions, and in fact, contains terms which are contrary to the establishment of a pension plan. For example, awards under the Stock Plan are forfeitable and the maximum term for Stock Options, Grants of Restricted Stock, and Stock Appreciation Rights is seven years. *See* Dkt. No. 11 (Declaration of Jeannie Leahy in Support of Defendant Stock Plan's Motion to Dismiss, Ex. A (Stock Plan)) at 5, 8, 11. These provisions are inconsistent with the objective of an ERISA pension plan, which is to provide nonforfeitable income for retirement. *See Alessi v. Raybestos-Manhattan, Inc.*, 451 U.S. 504, 510-11 (1981) (quoting 29 U.S.C. § 1053(a)) ("ERISA establishes that '[e]ach pension plan shall provide that an employee's right to his normal retirement benefit is nonforfeitable upon the attainment of normal retirement age.'").

Moreover, the stated purposes of the Stock Plan are: "[1] to attract and retain the best available personnel for positions of substantial responsibility, [2] to provide additional incentive to Employees and Consultants, and [3] to promote the success of the Company's business." *See id.* at 1. The Stock Plan was not created to provide retirement income, but rather intended as a bonus plan which, under DOL regulations, is expressly excluded from ERISA's coverage. *See* 29 C.F.R. § 2510.3–2(c).

However, even if the Stock Plan is not expressly intended to be a pension plan under ERISA, a pension plan may nevertheless be created by "surrounding circumstances." 29 U.S.C. § 1002(2)(A). The DOL has issued Advisory Opinion Letters which contemplate the possibility of a de facto ERISA pension plan as a result of surrounding circumstances if: (1) the plan is administered in a way that had the effect of providing retirement income to employees; (2) the plan resulted in a deferral of income by employees extending to termination of covered employment or beyond; or (3) if communications to plan participants suggested that the plan was established or maintained for either or both of these purposes. *See, e.g.*, DOL ERISA Opinion Letter 90-17A, 1990 WL 263441, 2.[2] In the specific context of bonus programs, which may constitute a pension plan if payments are "systematically deferred to the termination of covered employment or beyond, or so as to provide retirement income to employees[,]" the DOL has provided the following examples as guidance:

> [T]he manner in which bonus percentages are negotiated by employees yearly may allocate the economic benefits earned in a year disproportionately to retirees and participants reaching retirement age; and payments may not be made under the plan often enough or within a reasonable time to avoid their actually serving as retirement income. Furthermore, if the plan is communicated to participants in a manner that causes them to act under the Plan so as to result in their deferring receipt of income until retirement, it may be deemed a pension plan.

---

[2] ERISA Advisory Opinion Letters are not binding on the Court. *Patelco Credit Union v. Sahni*, 262 F.3d 897, 908 (9th Cir. 2001). However, because the DOL is an agency that administers portions of ERISA, its opinion are entitled to substantial weight. *See Williams v. Wright*, 927 F.2d 1540, 1545 (11th Cir. 1991) ("Although these opinion letters are not binding in this court, the views of the agency entrusted with interpreting and enforcing the ERISA statute carry considerable weight.").

6

DOL ERISA Opinion Letter 98-02A, 1998 WL 103654, at *2. Taking the DOL's guidance into consideration, it is possible the Stock Plan at issue here may constitute a pension plan, not by its express terms, but by "surrounding circumstances" which make the Stock Plan operate as a source of retirement or other deferred income.

Despite such a possibility, the Court finds that Plaintiff's claims against Defendant Stock Plan must be dismissed because *Plaintiff has not alleged* any "surrounding circumstances" which would render the Stock Plan an ERISA pension plan. The Complaint does not contain a single allegation against the Stock Plan in particular or even explain how the Stock Plan was administered as to Plaintiff or other 3Com employees. At best, Plaintiff requests further discovery to see if he may prove such "surrounding circumstances." *See* Dkt. No. 20 (Plaintiff's Opposition) at 4. However, Plaintiff's understanding of the course of litigation is contrary to the Federal Rules of Civil Procedure. Before Plaintiff is entitled to any discovery, Rule 8(a) requires him to allege "a short and plain statement of the claim entitling him to relief." Fed.R.Civ.P. 8(a)(2). Plaintiff has not satisfied this burden, much less attempted to state facts sufficient to "raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 545. The Court agrees with the DOL that the "surrounding circumstances" inquiry "is inherently factual in nature," but Plaintiff must first allege *some* facts which would constitute such surrounding circumstances. Plaintiff's failure to do so is fatal to his claims against Defendant Stock Plan.

Plaintiff's reliance on *Donovan v. Dilligham*, 688 F.2d 1367, 1373 (11th Cir. 1982), and other Ninth Circuit cases applying the *Donovan* test is misplaced. These cases stand for the proposition that a de facto ERISA pension plan may be created even without a formal intention if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Carver v. Westinghouse Hanford Co.*, 951 F.2d 1083, 1086 (9th Cir. 1991) (quoting *Donovan*, 688 F.2d at 1373). However, the Ninth Circuit has held that "*Donovan* is limited to instances where *a formal plan is absent* and the question remains whether a de facto plan has been created." *Cinelli*, 61 F.3d at 1443 (citing *Carver*, 951 F.2d at 1086) (emphasis added). Here, there is no question that

1  the Stock Plan is a formal plan in existence.  *See* Dkt. No. 11.  Accordingly, the *Donovan* test
2  does not apply.  *Cinelli*, 61 F.3d at 1443.

### V.     CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED. Plaintiff's claims as to Defendant Stock Plan are DISMISSED WITH LEAVE TO AMEND within ten (10) business days of this Order.

IT IS SO ORDERED.

Dated: October 10, 2012

_____
Joseph C. Spero
United States Magistrate Judge